IN THE BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | Case No. 25-33959 |
| THOMAS WILLIAM O'NEIL JR. | § § § § | Chapter 7 |
| Debtor. | § | |

---

| | | |
|---|---|---|
| SEAN T. WHEELER<br>Plaintiff, | § § § | |
| v. | § § | Adv. Pro. No. _____ |
| THOMAS WILLIAM O'NEIL JR.<br>Defendant. | § § § § | |

**ORIGINAL COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND EXCEPT DEBT FROM DISCHARGE PURSUANT TO 11 U.S.C. § 523**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE

COMES NOW, Sean T. Wheeler ("Plaintiff"), and files this adversary complaint (the "Complaint") pursuant to 11 U.S.C. §§ 523(a)(2) & (6), and would show the court as follows:

### I.    JURISDICTION

1. This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, and § 523 of the Bankruptcy Code. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I). Plaintiff consents to the entry of final orders.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 1 U.S.C. § 523.

### II.    PARTIES

3. Plaintiff Sean T. Wheeler is an individual resident of Harris County, Texas, and can be contact through his attorneys of record.

4. Debtor Thomas O'Neil ("Debtor") is an individual residing in Harris County, Texas and can be served at 402 Lakeshore Dr., El Lago, Texas 77586.

### III.   FACTUAL BACKGROUND

5. Plaintiff is the owner of the residential property located at 1558 Kirby Dr., Houston, Texas 77019 (the "Property").

6. Plaintiff hired Debtor to oversee and perform repairs and remodeling of the Property. During his work, Debtor made numerous representations to Plaintiff that certain work had been completed, and subcontractors had been paid, which were false. Debtor was responsible for work that was deficient and repaired at Plaintiff's expense.

6. Over the course of the project, relying on Debtor's false statements and representations, Plaintiff paid Debtor more than $100,000.00 to pay subcontractors, but most of these funds instead were wrongfully retained or administered by Debtor.

7. Debtor's false representations and fraud related to the work have also caused Plaintiff to incur or will cause Plaintiff to incur more than $100,000.00 in additional costs and expenses to complete and/or correct Debtor's work.

7. On September 22, 2023, Plaintiff filed suit in Case No. 2023-64656; *Sean T. Wheeler v. Thomas W. O'Neil and Noah Millsap*, in the 157th Judicial District Court of Harris County, Texas (the "Litigation"), asserting claims against Debtor for fraud and other causes of action. Until the filing of the instant bankruptcy, Plaintiff was diligently prosecuting his claims, but that action is now stayed.

### COUNT 1 – EXCEPTION TO DISCHARGE UNDER 11 U.S.C. § 523(a)(2)(A)

8. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

9. Pursuant to 11 U.S.C. § 523(a)(2)(A), a discharge under Chapter 7 does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud.

10. In the Litigation, Plaintiff alleges and has evidence to support that Debtor obtained money from Plaintiff by fraud and that Debtor knowingly and intentionally perpetuated a fraud against Plaintiff. Plaintiff has also alleged that Debtor knowingly and intentionally made false representations of material fact to Plaintiff to obtain money, that Plaintiff justifiably relied on those representations, and that Plaintiff suffered damages as a result.

11. The debt owed by to Plaintiff by Debtor, as alleged in Plaintiff's live pleading in the Litigation, constitutes a debt obtained by false pretenses, false representations, or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

12. Accordingly, Plaintiff seeks a determination by this Court that the debt alleged in the Litigation, including actual damages, exemplary damages, pre-judgment and post-judgment interest, attorney's fees, and costs, is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

**COUNT 2 – EXCEPTION TO DISCHARGE UNDER 11 U.S.C. § 523(a)(6)**

13. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

14. Pursuant to 11 U.S.C. § 523(a)(6), a discharge under Chapter 7 does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or the property of another entity.

15. Plaintiff alleges in the Litigation that Debtor knowingly and intentionally perpetrated a fraud against Plaintiff, resulting in both actual and exemplary damages.

16. Debtor's conduct constituted a willful and malicious injury to Plaintiff's property rights. Debtor acted with intent to cause injury, or with substantial certainty that injury would

result, by knowingly misrepresenting materials facts and inducing Plaintiff to part with money or property.

17. Accordingly, the debt owed to Plaintiff by Debtor, as set forth in Plaintiff's live pleading in the Litigation, including actual damages, exemplary damages, pre-judgment and post-judgment interest, attorney's fees, and costs, is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays for an Order of this Court that Debtor is indebted to Plaintiff in the amount of at least $100,000.00 and this debt is not dischargeable and continues as an obligation of the Debtor post-bankruptcy pursuant to 11 U.S.C. § 523(a)(2) & (6), and for such other relief as the Court finds equitable under the circumstances.

Respectfully submitted,

**BUCK KEENAN LLP**

By: */s/ Andrew C. Wright*
GRANT P. HARPOLD
State Bar No. 09034300
gharpold@buckkeenan.com
ANDREW C. WRIGHT
State Bar No. 24063077
awright@buckkeenan.com
2229 San Felipe, Suite 1000
Houston, Texas 77019
(713) 225-4500
(713) 225-3719 – Telecopier

**Attorneys for Sean T. Wheeler**